UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**GWEN SANDERS**,

    Plaintiff,

    v.

**STEPHANIE TETTEMER,** *et. al*,

    Defendants.

Civil Action No. 24-9375 (ZNQ) (JTQ)

**MEMORANDUM AND ORDER**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Gwen Sanders' filing of a Complaint, and an application to proceed *in forma pauperis* ("IFP Application") under 28 U.S.C. § 1915. (ECF Nos. 1 and 1-2.) Plaintiff has additionally filed a Notice of Motion seeking an order for $10,000,000.00 but has not filed a brief or memorandum in support. (ECF No. 3.)

    The Court must carefully review Plaintiff's IFP Application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed *in forma pauperis*." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citing *Deutsch v. United States*, 61 F.3d 1080, 1084 n.5 (3d. Cir. 1995)). Plaintiff's IFP Application is complete and includes a statement of her income, assets, and expenses. (*See generally* IFP Appl., ECF No. 1-2.) The IFP Application indicates that Plaintiff is unemployed and receives $974.25 a month in disability payments and possesses no savings or assets. (*Id.* at 2–3.) Accordingly, the Court finds that Plaintiff has established an inability to pay costs and fees and grants the IFP Application.

    The Court also screens the Complaint to determine whether it should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Following the grant of IFP status, 28 U.S.C. § 1915(e)(2)(B) requires

courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.  The claim must also be supported by a "short and plain statement . . . showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

  Here, the Court concludes that the Complaint is frivolous or otherwise fails to state a claim for which relief can be granted.  In its current form, the Complaint is difficult to parse.  From what can be discerned, the Complaint alleges tort-type claims against five individual defendants related to the loss of Plaintiff's property located in Warren County, New Jersey but does not contain any factual allegations.  The Complaint therefore provides little insight into either the factual or legal nature of Plaintiff's claims against the Defendants or any basis for federal jurisdiction.  The lack of sufficient factual allegations deprives the Court and Defendants of the ability to construe any

meaningful cause of action. As such, the Court cannot conduct a proper review of the Complaint in its current form pursuant to 28 U.S.C. § 1915(e)(2)(B).

Therefore, the Court provides Plaintiff with an opportunity to file an Amended Complaint within thirty (30) days to set forth the facts and claims against each defendant. In the meantime, the Court **DENIES AS MOOT** the Motion seeking an order for $10,000,000.00.

For the reasons stated above,

**IT IS** on this **30th** day of **April 2025**,

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-2) is **GRANTED**; it is further

**ORDERED** that the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff may file an Amended Complaint within **thirty (30) day**s of this Order; it is further

**ORDERED** that if Plaintiff fails to file an Amended Complaint that satisfies Rule 8 by the deadline, this matter may be dismissed with prejudice; it is further

**ORDERED** that the pending Motion (ECF No. 3) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk's Office is instructed to **ADMINISTRATIVELY TERMINATE** this matter pending Plaintiff's filing of an Amended Complaint.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**